IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re ISRAEL McKENZIE,            No. C 10-3780 WHA (PR)

                 Petitioner.           **ORDER OF DISMISSAL**

_____/

On August 25, 2010, the court received from petitioner a letter seeking legal assistance to challenge his conviction and sentence in state court. In an effort to protect petitioner's rights, the document was treated as an attempt to file a new habeas case and was assigned the above case number.

The day the case was opened the clerk sent petitioner a notice that he had not filed a petition and must do so within thirty days on pain of dismissal. The clerk also notified petitioner that he had not paid the filing fee or applied for leave to proceed in forma pauperis. He has filed nothing further and the thirty-day deadline has passed.

Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "Cases" and "Controversies." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). In the absence of an actual petition for a writ of habeas corpus or other civil complaint, there is no case or controversy for this Court to adjudicate. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (section 2255 motion).

Under some circumstances a motion such as this might be construed to be a habeas

petition. However, petitioner has not alleged any grounds for relief whatever, and indeed it is clear that he is not asking for relief from the conviction, but for a lawyer. Moreover, the court cannot discern from the filing whether petitioner can meet even the most basic requirements for proceeding with a habeas petition in this court, such as proper jurisdiction and venue. Therefore, the motion will not be construed as a habeas petition. *See id.* at 83-84.

Accordingly, the above-entitled action is hereby **DISMISSED** without prejudice to petitioner's filing a petition for a writ of habeas corpus or a complaint for other relief. Petitioner may, of course, seek appointment of counsel after he files a federal petition.

The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: October  4 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\MCKENZIE3780.DSM.wpd

2